RECORD NO. 10-4703

In The

# United States Court of Appeals

### For The Fourth Circuit

## UNITED STATES OF AMERICA,

*Plaintiff – Appellee*,

**v.**

## PRINCETON BESS,

*Defendant – Appellant.*

## ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF NORTH CAROLINA AT CHARLOTTE

―――――――

## REPLY BRIEF OF APPELLANT

―――――――

Claire J. Rauscher
Executive Director
FEDERAL DEFENDERS OF
  WESTERN NORTH CAROLINA, INC.

*Ann L. Hester
Steven Slawinski
Assistant Federal Defenders
129 West Trade Street, Suite 300
Charlotte, North Carolina  28202
(704) 374-0720

*Counsel for Appellant*
**Counsel of Record*

## **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    I.    The Government Does Not Explain Why This Court Can Or
        Should Apply The Waiver Doctrine To Bess' Challenge To
        His § 922(g)(1) Convictions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    II.   The Government Misinterprets Carachuri-Rosendo And
        Rodriquez . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

        A.    The Government's Account Of Rodriquez Is
             Inaccurate . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

        B.    The Government Cannot Distinguish
             Carachuri-Rosendo . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

i

<u>**TABLE OF AUTHORITIES**</u>

**<u>Page(s)</u>**

<u>**CASES**</u>

*Carachuri-Rosendo v. Holder,*
 130 S. Ct. 2577 (2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

*Johnson v. United States,*
 130 S. Ct. 1265 (2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 15

*State v. Watkins,*
 659 S.E.2d 58 (N.C. App. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*United States v. Blackwood,*
 368 F. App'x 345 (4th Cir.), vacated,
 2010 WL 2300581 (U.S. Oct. 4, 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*United States v. Brandon,*
 376 F. App'x 343 (4th Cir.), vacated,
 2010 WL 3075617 (U.S. Nov. 1, 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*United States v. Crowley,*
 318 F.3d 401 (2d Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*United States v. Harp,*
 406 F.3d 242 (4th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

*United States v. Jones,*
 195 F.3d 205 (4th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . 10, 12, 14, 15

*United States v. Robinson,*
 ___ F.3d ___,
 2010 WL 4869770 (4th Cir. Dec. 1, 2010) . . . . . . . . . . . . . . . . . . . . . . . . . 3

*United States v. Rodriquez,*
 553 U.S. 377 (2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

*United States v. Simmons*,
    340 F. App'x 141 (4th Cir. 2009), vacated,
    130 S. Ct. 3455 (2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*United States v. Simone*,
    931 F.2d 1186 (7th Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*United States v. Smith*,
    354 F. App'x 830 (4th Cir. 2009), vacated,
    130 S. Ct. 3466 (2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*United States v. Suescun*,
    237 F.3d 1284 (11th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*United States v. Summers*,
    361 F. App'x 539 (4th Cir.), vacated,
    2010 WL 1654043 (U.S. Oct. 4, 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*United States v. White*,
    362 F. App'x 348 (4th Cir.), vacated,
    2010 WL 1739323 (U.S. Oct. 4, 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*United States v. Whitfield*,
    590 F.3d 325 (5th Cir. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*United States v. Williams*,
    353 F. App'x 839 (4th Cir. 2009), vacated,
    130 S. Ct. 3464 (2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*United States v. Williams*,
    326 F.3d 535 (4th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Watson v. United States*,
    No. 09-8003 (U.S. April 7, 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

## **STATUTES**

18 U.S.C. § 922(g) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

18 U.S.C. § 922(g)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

21 U.S.C. § 802(44) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

21 U.S.C. § 851 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

N.C. Gen. Stat. § 15A-1340.13(e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

N.C. Gen. Stat. § 15A-1340.14(f) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

N.C. Gen. Stat. § 15A-1340.17 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 13

N.C. Gen. Stat. § 15A-1340.17(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

N.C. Gen. Stat. § 15A-1340.17(d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

N.C. Gen. Stat. § 15A-1340.980 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

N.C. Gen. Stat. § 90-89 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

N.C. Gen. Stat. § 90-94 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

N.C. Gen. Stat. § 90-95 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

## **RULES**

Fed. R. Crim. P. 12(b)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3, 5

Fed. R. Crim. P. 12(e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

## **GUIDELINE**

USSG § 2K2.1(a)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 10, 11, 15

# INTRODUCTION

The government's argument relies on the implausible theory that precedents do not really mean what they say. It argues that *Carachuri-Rosendo v. Holder*, 130 S. Ct. 2577 (2010), while holding that a defendant's "conviction" was "punishable" as a felony only if felony punishment was authorized for the defendant himself, does not disturb this Court's rule that a defendant's North Carolina conviction was punishable as a felony so long as felony punishment could have been authorized for someone else. Here, the offense classes of Bess' prior North Carolina convictions and his prior record levels precluded felony punishment under North Carolina's statutory structured-sentencing system. Bess' "convictions" were thus not "punishable" as felonies for purposes of 18 U.S.C. § 922(g)(1) and the other provisions at issue here.

The government's contrary argument sidesteps *Carachuri-Rosendo* and misstates the Court's ruling in *United States v. Rodriguez*, 553 U.S. 377 (2008). For example, the government asserts that Bess' "claim that the North Carolina structured-sentencing system caps his maximum sentence was rejected by the Supreme Court in *Rodriquez*" and purports to rely on "*Rodriquez*'s holding that structured-sentencing systems" do not decrease the maximum term of imprisonment for a state conviction. U.S. Br. 6, 18. But there is no such holding. Although *Rodriquez* states that mandatory *guidelines* do not affect the defendant's

1

maximum sentence, it does not equate mandatory-guidelines systems with North Carolina's unique structured-sentencing system. Instead, both *Rodriquez* and *Carachuri-Rosendo* hold that the maximum sentence for a defendant's conviction was the *statutory* maximum applicable to him. Accordingly, the maximum sentence for a North Carolina defendant's conviction was the statutory maximum sentence applicable to him under North Carolina's structured-sentencing system, because that was the highest sentence he could have received.

*Carachuri-Rosendo* and *Rodriquez* apply directly to this case. Under those decisions, Bess' convictions under 18 U.S.C. § 922(g)(1) should be vacated. Alternatively, his sentence, which depended on the court's finding that Bess' prior North Carolina convictions were punishable by more than a year's imprisonment, should be vacated, and this case should be remanded for resentencing.

## **ARGUMENT**

The government argues that Bess' challenge to his § 922(g)(1) convictions is both waived, U.S. Br. 6-9, and foreclosed by *Rodriquez*. *Id.* at 15-17. Those arguments overlook Federal Rule of Criminal Procedure 12(b)(3) and the holdings of *Carachuri-Rosendo* and *Rodriquez*.

**I.    The Government Does Not Explain Why This Court Can Or Should Apply The Waiver Doctrine To Bess' Challenge To His § 922(g)(1) Convictions.**

The opening brief argued that Bess' challenge to his § 922(g)(1) convictions is not waived, because it is authorized by Federal Rule of Criminal Procedure 12(b)(3), and, in any event, should not be deemed waived, because this Court will resolve the same legal issue in the context of Bess' sentencing challenge. Op. Br. 15-16.

Because Bess claims that the indictment in this case fails to charge an offense—due to its reliance on "convictions" that were not "punishable" as felonies within the meaning of § 922(g)(1)—Rule 12(b)(3) authorizes him to make that claim "at any time," including now. The government argues that "a failure to challenge the sufficiency of the indictment before trial waives a defendant's right later to do so," but none of the cases it cites relate to a defendant's claim that the indictment fails to charge an offense. *See United States v. Robinson*, ___ F.3d ___, 2010 WL 4869770 at *14 (4th Cir. Dec. 1, 2010) (defendant failed to object to duplicitous count in indictment before trial, and Court considered claim under plain error standard); *United States v. Whitfield*, 590 F.3d 325, 359 (5th Cir. 2009) (defendant sought to dismiss indictment based on factual inaccuracy arising from false grand jury testimony); *United States v. Crowley*, 318 F.3d 401, 420 (2d Cir. 2003) (defendant argued that indictment was not sufficiently specific and

3

permitted the jury to convict him based on a crime not considered by the grand

jury); *United States v. Suescun*, 237 F.3d 1284, 1286 (11th Cir. 2001) (defendant

contended indictment was defective because it was obtained by a temporary

United States Attorney who had not been appointed and confirmed); *United States*

*v. Simone*, 931 F.2d 1186, 1192 (7th Cir. 1991) (defendant argued that conspiracy

count was duplicitous). This Court should therefore hold, consistent with the

decisions of four other circuits, that Bess' challenge to his § 922(g)(1) convictions

is not waived. See Op. Br. 15-16.

   Even if Bess' objection were waived, the government acknowledges that the

Court has discretion to consider waived claims "'for good cause.'" Fed. R. Crim.

P. 12(e); U.S. Br. 7. Yet it offers no response to Bess' argument that this Court

should exercise its discretion to reach Bess' challenge even if he waived it,

because the Court will have to address the issue underlying his challenge to his

convictions when it addresses his challenge to his sentences. Instead, it

acknowledges that the underlying issues are the same. See U.S. Br. 9-10. And

while the government complains that, as the result of Bess' failure to object, the

relevant state-court pleadings are not part of the record, their inclusion was

unnecessary. The government does not dispute that the present record, when

considered in light of North Carolina statutes, provides the Court with a basis for

determining the offense class and prior record level applicable to Bess' North

4

Carolina convictions. See U.S. Br. 8-9. Nor does the government contend that the state-court pleadings would demonstrate that Bess' North Carolina convictions exposed him to a sentence greater than one year's imprisonment. Finally, the government does not cite any case in which a court deemed an issue waived in one part of its opinion while addressing that same issue on the merits in another part of the same opinion—particularly when the issue determines whether the appellant even committed a criminal offense. Thus, both under Rule 12(b)(3) and as an exercise of its discretion under Rule 12(e), this Court should reach the merits of Bess' challenge to his § 922(g)(1) convictions.

## II.    The Government Misinterprets *Carachuri-Rosendo* And *Rodriquez*.

The lesson of *Carachuri-Rosendo* is clear: for purposes of federal law, a state "conviction" was "punishable" as a felony if felony punishment was statutorily authorized by the defendant's state "record of conviction." *Carachuri-Rosendo*, 130 S. Ct. at 2587 n.12. While the government recognizes that lesson, U.S. Br. 18, it nevertheless argues that a federal court need not consider the statutory maximum sentence authorized by a North Carolina defendant's record of conviction when deciding whether that defendant was "convicted in any court of, a crime punishable by imprisonment for a term exceeding one year," 18 U.S.C. § 922(g)(1), or whether he has a prior "felony conviction" of "a controlled substance offense." USSG § 2K2.1(a)(3). It argues primarily that Bess' claim is

5

foreclosed by *Rodriguez*'s pronouncements about mandatory guidelines. U.S. Br. 6. It also argues that *Carachuri-Rosendo* is distinguishable. Neither argument is correct.

### A.    The Government's Account Of *Rodriquez* Is Inaccurate.

If the government were right—*i.e.*, if under *Rodriquez* structured-sentencing systems like North Carolina's are not distinguishable from mandatory-guideline systems—then it would be difficult to imagine why the Supreme Court would have remanded so many cases raising this issue for further consideration in light of *Carachuri-Rosendo*.[1] But the government is not right. It ignores *Rodriquez*'s actual holding and fundamentally misunderstands *Rodriquez*'s definition of "mandatory guidelines systems."

First, the Supreme Court made clear in *Rodriquez* that the statutory maximum applicable to a particular defendant must be determined by reference to that defendant's own criminal history and that a recidivist offense is a different

---

[1] *See United States v. Simmons*, 340 F. App'x 141 (4th Cir. 2009), *vacated*, 130 S. Ct. 3455 (2010); *United States v. Williams*, 353 F. App'x 839 (4th Cir. 2009), *vacated*, 130 S. Ct. 3464 (2010); *United States v. Smith*, 354 F. App'x 830 (4th Cir. 2009), *vacated*, 130 S. Ct. 3466 (2010); *United States v. Summers*, 361 F. App'x 539 (4th Cir.), *vacated*, 2010 WL 1654043 (U.S. Oct. 4, 2010); *United States v. White*, 362 F. App'x 348 (4th Cir.), *vacated*, 2010 WL 1739323 (U.S. Oct. 4, 2010); *United States v. Blackwood*, 368 F. App'x 345 (4th Cir.), *vacated*, 2010 WL 2300581 (U.S. Oct. 4, 2010); *United States v. Brandon*, 376 F. App'x 343 (4th Cir.), *vacated*, 2010 WL 3075617 (U.S. Nov. 1, 2010).

offense than one committed by someone without criminal history. *Rodriquez*, 128 S. Ct. at 1787-89. In *Carachuri-Rosendo*, the Court confirmed that *Rodriquez* means "a recidivist finding" can "set the 'maximum term of imprisonment,' but only when the finding is a part of the record of conviction." 130 S. Ct. at 2587 n.12; *see* Op. Br. at 13-14.

Second, contrary to the government's characterization of *Rodriquez*, that decision never mentioned structured-sentencing systems. And North Carolina's sentencing statute lacks the hallmarks of mandatory guidelines systems described by the Court in *Rodriquez*. North Carolina sentencing law is, instead, a statute that permits little judicial discretion and sets graduated statutory maximum sentences depending on a defendant's criminal history. In fact, the government has conceded as much in another case raising this same issue. *See*, *e.g.*, Brief for the United States in Opposition, *Watson v. United States*, No. 09-8003 (U.S. April 7, 2010) (admitting that because Watson "had only a Class II criminal record at the time of his offenses, . . . the maximum term of imprisonment to which he was exposed for each conviction was only ten months").

In *Rodriquez*, the Court identified two distinguishing hallmarks of mandatory-guidelines systems, and both are absent in North Carolina's system. First, in a guidelines sentencing system, a sentencing judge typically has authority "to impose a sentence that exceeds the top of the guidelines range under

appropriate circumstances." 128 S. Ct. at 1792. Second, the Court found
significant that the concept of "maximum" term of imprisonment has historically
been used in statutes and in the United States Sentencing Guidelines to refer to
"the maximum term prescribed by the relevant criminal statute, not the top of a
sentencing guideline range." *Id.*

North Carolina's sentencing statute differs from guidelines systems in both
of the respects identified in *Rodriquez*. Unlike a guidelines system, the statute
defining Bess' North Carolina offenses provided only an offense grade, not a
maximum sentence. N.C. Gen. Stat. §§ 90-89, 90-94, 90-95. And unlike a
guidelines system, a sentencing judge in North Carolina has absolutely no
authority to sentence a defendant to a term of imprisonment greater than the one
applicable to his offense class and criminal history level. *Id.* §§ 15A-1340.13(e),
15A-1340.17; *State v. Watkins*, 659 S.E.2d 58, 59 (N.C. App. 2008). Thus, unlike
a guidelines system, North Carolina's system makes no provision for any
sentences outside the range determined by a defendant's prior record level.
Instead, it functions as a progressive series of statutory recidivist enhancements
that require proof of prior convictions before they can be imposed.

The government's unsupportable argument that North Carolina's sentencing
statute is a guideline system is merely an attempt to avoid the actual holding of
*Rodriquez*: if state law authorizes an enhanced maximum sentence when a

8

recidivist finding is part of the record, then federal courts may treat that enhanced maximum as the maximum sentence for a defendant's prior state conviction. 553 U.S. at 382, 393. However, that holding means that federal courts may look to the enhanced statutory maximum "only when the [recidivist] finding is a part of the record of conviction." *Carachuri-Rosendo*, 130 S. Ct. at 2587 n.12 (citing *Rodriquez*, 553 U.S. at 389). Thus, *Rodriquez* requires federal courts to identify the statutory maximum sentence that actually governed the defendant's state conviction, not a hypothetical worst-possible recidivist defendant's conviction.

Here, Bess' 2007 convictions for possession with intent to manufacture, sell and deliver ecstasy and for felony possession of marijuana were for a class H felony with a prior record level of II. Op. Br. 9-10;  JA 151-52. The sentencing court, accordingly, was *statutorily* barred from imposing a prison term exceeding 12 months' imprisonment. N.C. Gen. Stat. § 15A-1340.17(c), (d). Thus, as in *Carachuri-Rosendo*, the state "record of conviction" establishes that Bess' conviction was not punishable as a felony. This Court's current precedents support the opposite conclusion, but only because they direct courts to consider the sentence applicable to a hypothetical defendant "with the worst possible criminal history," rather than the maximum sentence authorized by the defendant's own actual record of conviction. *United States v. Harp*, 406 F.3d 242, 246 (4th Cir.

9

2005); *United States v. Jones*, 195 F.3d 205, 207-08 (4th Cir. 1999). That

approach is no longer valid in light of *Carachuri-Rosendo* and *Rodriquez*.

### B.    The Government Cannot Distinguish *Carachuri-Rosendo*.

The government next argues that *Carachuri-Rosendo*'s holding—that a

"conviction" is not "punishable" as a felony unless the "record of conviction"

authorized felony punishment—does not apply to § 922(g)(1) or the other

provisions at issue here. It argues that *Carachuri-Rosendo* can be distinguished

because it focused on the term "convicted" and because it addressed "core

constitutional values." U.S. Br. 17-18, 20. This case, however, directly implicates

the very same statutory term and core values.

The term "convicted" is crucial here. In this case, as in *Carachuri-Rosendo*,

the relevant federal provisions apply only if the defendant was "convicted" of, or

sustained a "conviction" for, a crime "punishable" as a felony. Compare 130 S. Ct.

at 2586-87, with 18 U.S.C. § 922(g)(1) and USSG § 2K2.1(a)(3). In *Carachuri-

Rosendo*, the petitioner's second misdemeanor *offense* could have been punished

as a felony due to his first conviction. But his actual *conviction* for the second

offense was not punishable as a felony because it "ha[d] not been enhanced based

on the fact of a prior conviction." 130 S. Ct. at 2589. The same logic applies to

§ 922(g)(1) because a defendant is not guilty of violating that provision unless he

was "convicted in any court of[] a crime punishable by a term exceeding one

10

year." 18 U.S.C. § 922(g)(1). Likewise, USSG § 2K2.1(a)(3) emphasizes the requirement that a defendant be *convicted* of a prior offense that is punishable as a felony, requiring as a prerequisite that the defendant have a prior "felony conviction" of "a controlled substance offense." The Commentary goes on to explain that a "felony conviction" means "a prior . . . *conviction* for an offense punishable by death or imprisonment for a term exceeding one year." USSG § 2K2.1(a)(3) comment. (n.1).[2]

Bess' argument that his state conviction was not punishable by more than a year's imprisonment is even stronger than *Carachuri-Rosendo*'s was. Unlike *Carachuri-Rosendo*, in this case, felony punishment *could not* have been authorized for Bess' North Carolina convictions. The prior record level applicable to Bess—level II—ruled out felony punishment. See Op. Br. 9. Thus, Bess' "conviction" was not "punishable" as a felony, 18 U.S.C. § 922(g)(1), because it

---

[2] While the government cites 21 U.S.C. § 802(44) and argues that "in this case, the textual question revolves around the word 'punishable,'" U.S. Br. 19, § 802(44) applies neither to Bess' conviction under § 922(g) nor to his sentence under USSG § 2K2.1(a)(3). Based on this erroneous statutory reference, the government attempts to distinguish *Johnson v. United States*, 130 S. Ct. 1265 (2010), on the grounds that the statute at issue in *Johnson* required a prior "conviction" and is "distinguishable from the 'punishable' language at issue in this case." U.S. Br. 21. But the language at issue in this case is, like in *Carachuri-Rosendo*, the term "conviction," not the term "punishable."

was not—and could not be—"enhanced" by a prior-record finding that authorized felony punishment. *Carachuri-Rosendo*, 130 S. Ct. at 2589.

The government correctly notes that *Harp* and *Jones* did not focus on the term "convicted," U.S. Br. 17, but that simply means that those cases did not conduct the statutory analysis that *Carachuri-Rosendo* now requires. Moreover, *Rodriquez* expressly rejected the analysis they did conduct. Compare *Harp*, 406 F.3d at 246 (reasoning that punishment for a defendant's "crime" is the punishment attributable to his "conduct," not including his prior criminal history), with *Rodriquez*, 553 U.S. at 3865 (explaining that, when punishment is increased "based on the defendant's criminal history[,] 100% of the punishment is for the offense of conviction"). Because *Harp* and *Jones* did not consider whether the defendant was "*actually convicted* of a crime that is itself punishable as a felony," *Carachuri-Rosendo*, 130 S. Ct. at 2589, they are no longer good law.

Relatedly, *Harp* and *Jones* amplify rather than diminish the concerns that troubled the Supreme Court in *Carachuri-Rosendo*. There, the Supreme Court rejected the government's position that a federal court should be permitted, "ex post," to hold that a conviction was punishable as a felony "just because facts known to it would have authorized a greater penalty under either state or federal law." 130 S. Ct. at 2586. But *Harp* and *Jones* go further than the government went in *Carachuri-Rosendo*. Their worst-possible-offender rule holds that a North

12

Carolina conviction was punishable as a felony even if a federal court *cannot* say that "facts known to it would have authorized" felony punishment for the defendant himself. See *Harp*, 406 F.3d at 246.

The worst-possible-offender rule also implicates what the government calls the "due process" aspects of *Carachuri-Rosendo*. U.S. Br. 20. The Supreme Court explained that treating Carachuri-Rosendo's second conviction as if it had been punishable as a felony would "fail[] to give effect to the mandatory notice and process requirements" of 21 U.S.C. § 851, which entitle a defendant to notice of and an opportunity to contest a recidivist enhancement. See 130 S. Ct. at 2587-88. It also explained that accepting the government's position "would denigrate the independent judgment of state prosecutors," who are afforded discretion to decide when to pursue recidivist enhancements.

The worst-possible-offender rule's effect is no different. For offense classes H and I, the North Carolina General Assembly has authorized felony punishment only for defendants with certain prior record levels. N.C. Gen. Stat. § 15A-1340.17. While the government attempts to argue that this Court's decision in *United States v. Williams*, 326 F.3d 535 (4th Cir. 2003), is distinguishable because of the procedural safeguards in place in the New Jersey law at issue in that case, that argument fails to comprehend the procedures required in North Carolina before a defendant can be sentenced as a recidivist. See U.S. Br. 22-23. To

13

establish the requisite prior record level in North Carolina sentencing proceedings, the state must prove any prior conviction "by a preponderance of the evidence" and, upon request, "furnish the defendant's prior criminal record to the defendant within a reasonable time sufficient to allow the defendant to determine if the record available to the prosecutor is accurate." *Id.* § 15A-1340.14(f). A defendant may then contest the accuracy of his criminal record, *id.*, or seek to suppress a prior conviction on the ground that it was obtained in violation of his right to counsel. *Id.* § 15A-980. Thus, North Carolina's statutes: (1) allow state prosecutors to decide whether to prove a prior conviction; (2) contain notice and process requirements governing such proof; and (3) disallow recidivist punishment if the government has not proved the requisite prior record level.

Yet the worst-possible-offender rule holds that a North Carolina "conviction" was "punishable" as a felony even if the prosecutor did not seek to prove the requisite prior record level; even if the state's notice and process procedures for proving prior convictions were not followed; and even if the North Carolina General Assembly has precluded imposing felony punishment on anyone with the defendant's offense class and prior record level. That rule does not respect the North Carolina General Assembly's judgment, and it is inconsistent with *Carachuri-Rosendo*. *Jones* and *Harp* are antithetical to the principles set out

14

by the Supreme Court in *Rodriquez* and in *Carachuri-Rosendo*, and they are no longer good law.

The government does not argue that Bess' convictions and sentences can be salvaged under the plain error doctrine if *Harp* and *Jones* are no longer good law. As explained in this brief and in Bess' opening brief, *Harp* and *Jones* cannot be reconciled with the Supreme Court's decisions in *Carachuri-Rosendo*, *Rodriquez*, and *Johnson*. Because punishment in excess of one year's imprisonment would have been unlawful for Bess' prior North Carolina convictions, his convictions under § 922(g)(1) and his sentences under USSG § 2K2.1(a)(3) are invalid, are plain error, and should be vacated.

## <u>CONCLUSION</u>

For the reasons stated above and in his opening brief, appellant Princeton Bess respectfully requests that this Court vacate his convictions or, alternatively, vacate his sentences.

This, the 6th day of January, 2011.

Claire J. Rauscher, Executive Director
Federal Defenders of
Western North Carolina, Inc.

/s Ann L. Hester
*Ann L. Hester
Steven Slawinski
Assistant Federal Defenders
129 W. Trade Street, Suite 300
Charlotte, NC 28202
(704) 374-0720
Counsel for Appellant
*Counsel of Record

16

## <u>CERTIFICATE OF COMPLIANCE</u>

1.    This brief complies with the type-volume limitation of Fed. R. App. P. 28.1(e)(2) or 32(a)(7)(B) because:

[ X ] this brief contains [*3,472*] words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

[    ] this brief uses a monospaced typeface and contains [*state the number of*] lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.    This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

[ X ] this brief has been prepared in a proportionally spaced typeface using [*Corel WordPerfect 12*] in [*14pt Times New Roman*]; *or*

[    ] this brief has been prepared in a monospaced typeface using [*state name and version of word processing program*] with [*state number of characters per inch and name of type style*].

Dated: <u>January 6, 2011</u>           <u>/s Ann L. Hester</u>
                                         *Counsel for Appellant*

## <u>CERTIFICATE OF FILING AND SERVICE</u>

I hereby certify that on this 6th day of January, 2011, I caused this Reply

Brief of Appellant to be filed electronically with the Clerk of the Court using the

CM/ECF System, which will send notice of such filing to the following registered

CM/ECF users:

> Amy E. Ray
> OFFICE OF THE U.S. ATTORNEY
> 100 Otis Street, Room 233
> Asheville, North Carolina 28801
> (828) 271-4661
>
> *Counsel for Appellee*

I further certify that on this 6th day of January, 2011, I caused the required

number of bound copies of this Reply Brief of Appellant to be hand-filed with the

Clerk of this Court.

/s Ann L. Hester
*Counsel for Appellant*
